NONA YEGAZARIAN (SBN 316458)
NYegazarian@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Defendant
TABULA RASA HEALTHCARE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIGILANT LLC, | Case No. |
| Plaintiff, | **DEFENDANT TABULA RASA HEALTHCARE, INC.'S NOTICE OF REMOVAL** |
| v. | |
| TABULA RASA HEALTHCARE, INC., a corporation doing business as prescribed wellness; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

**DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Tabula Rasa HealthCare, Inc.

("Tabula Rasa" or "Defendant") hereby removes the matter of Vigilant LLC v.

Tabula Rasa HealthCare, Inc.; and DOES 1 through 10, inclusive (Orange County

Superior Court, Case No. 30-2021-01214291-CU-CL-CJC) to the United States

District Court for the Central District of California, based on the Court's removal

jurisdiction under 28 U.S.C. § 1441, and the Court's diversity jurisdiction under 28

1

U.S.C. § 1332(a), on the grounds that it is a civil action wherein the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

## BACKGROUND

In accordance with 28 U.S.C. § 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1.      On August 5, 2021, Plaintiff Vigilant LLC ("Vigilant") filed a Complaint against Defendant in the Superior Court. See Ex. A to Declaration of Nona Yegazarian ("Yegazarian Decl."). Plaintiff filed a Notice of Service alleging it served an agent of Defendant authorized to accept service on August 11, 2021. *See* Yegazarian Decl. Ex. A. Defendant has not otherwise been served with any other process, pleadings, or orders pursuant to 28 U.S.C. § 1446(a).

2.      Attached as Exhibit A to the Yegazarian Decl. is a true and correct copy of the Complaint with Summons, Civil Case Sheet, Proof of Service, and Case Management Conference Order.

3.      Plaintiff's Complaint alleges claims for breach of contract, book account, and account stated. *See id*. It seeks damages for the sum of $353,190 together with interest, costs of suit, attorneys' fees, and other relief as the Court deems just and proper. *See id.*

4.      This Notice has been filed in a timely manner pursuant to 28 U.S.C. § 1446(b)(1), in that this Notice has been filed within thirty (30) days of allegedly being served with "a copy of the initial pleading setting forth the claim for relieve

2

upon which such action or proceeding is based." Plaintiff filed a Proof of Service

that alleges it properly served Defendant on August 11, 2021. *See* Yegazarian Decl.

Ex. A. Because this Notice has been filed within thirty (30) days of service of

Plaintiff's Complaint, it is timely.

## **DIVERSITY JURISDICTION**

5.      This Court has original jurisdiction over this case under 28 U.S.C. §

1332, and removal is proper under 28 U.S.C. § 1441(a) because diversity

jurisdiction exists as follows.

6.      Plaintiff's Citizenship: Plaintiff does not identify its citizenship in the

Complaint. Upon information and belief, Defendant understands Plaintiff's

citizenship to be Ohio. Plaintiff is a limited liability company, which means its state

citizenship is determined by the citizenship of its members. *Lincoln Property Co. v.

Roche* (2005) 546 US 81, 84, fn. 1; *Hart v. Terminex Int'l* (7th Cir. 2003) 336 F3d

541, 542; *West v. Louisville Gas & Elec. Co.*, (7th Cir. 2020) 951 F3d 827, 829-830

("court needs to know the citizenships of every partner or member, tracing through

however many layers there may be"). Upon information and belief, Plaintiff's

members are Chris Nyhuis and Katherine Nyhuis. Yegazarian Decl. Ex. B.

Plaintiff's members appear to be citizens of Ohio. *See id*. at Ex. C. Furthermore,

Plaintiff is located at 8366 Princeton Glendale Road, Suite B5, West Chester, Ohio

45069. *See id*. at Ex. B.

7.      Defendant's Citizenship: Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is a citizen of the State of Delaware, where it is incorporated. *See* Declaration of Cathlin Sullivan ("Sullivan Decl.") at ¶ 3. Defendant's principal place of business is located at 228 Strawbridge Drive, Moorestown, New Jersey 08057. *See id*. Therefore, Plaintiff is likely a citizen of Ohio, and Defendant is a citizen of Delaware and New Jersey, which means there is diversity of citizenship among them.[1]

8.      Doe Defendants: Under 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See, e.g., McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (disregarding "Doe" defendants for purposes of determining diversity jurisdiction where the court has "no information as to who they are or they live or their relationship to the action"); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("the unknown defendants sued as 'Does' need not be joined in a removal petition.") (internal citations omitted).

---

[1] Plaintiff incorrectly alleges Defendant is a citizen of California.  It is not.  *See* Sullivan Decl. at ¶ 4.  Even if it was, however, there still would be diversity of citizenship, since Plaintiff appears to be a citizen of Ohio.

4

126091045.1

9.      Amount in Controversy: The Complaint alleges it seeks over $353,190 in damages. This is a case with more than $75,000 in controversy and, therefore, it satisfies 28 U.S.C. § 1332(a)'s amount in controversy requirement.

## **NOTICE OF REMOVAL**

10.      Consistent with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the State-Court Action.

11.      In addition, Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings.

12.      By filing this Notice of Removal, Defendant does not waive any jurisdictional or other defenses that might be available to it.

13.      Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Orange, to the United District Court for the Central District of California.

Dated:  September 10, 2021                     **FOX ROTHSCHILD LLP**

*/s/ Nona Yegazarian*
Nona Yegazarian
Attorneys for Defendant
TABULA RASA HEALTHCARE, INC.

NOTICE OF REMOVAL

126091045.1